IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY F. SMITH,
                Plaintiff,

v.                                                   Case No. 5:20-cv-4087

GEARY COMMUNITY HOSPITAL,
                Defendant.

## **COMPLAINT**

The Plaintiff, by and through undersigned counsel, states as and for her Complaint in this action the following:

### PARTIES, JURISDICTION AND VENUE

1. Mary F. Smith is an individual who at all relevant times was a resident of the state of Kansas.

2. Geary Community Hospital is a provider of health care services, is located at 1102 St. Mary's Road, Junction City, Kansas 66441, and may be served with process pursuant to K.S.A. 60-304 through any of its officers, directors or managers.

3. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, federal question, and 28 U.S.C. § 1367 supplemental jurisdiction.

4. Venue is properly placed with this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. Smith timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on March, 2020.

6. The U.S. Equal Employment Opportunity Commission issued a "Dismissal and Notice of Rights" to Smith on September 24, 2020. The Complaint was timely filed.

ALLEGATIONS COMMON TO ALL COUNTS

7. Smith began working as a medical records coder at Geary Community Hospital on October 26, 1986.

8. On May 30, 2019, Smith's supervisor, Sue Sampson and Human Resources Director Loren Streit terminated Smith by a telephone conversation.

9. Sampson and Streit told Smith the reason for the termination was that she was part of a reduction-in-force.

10. Sampson and Streit told Smith that her selection for termination was based on the criteria of job description, productivity and seniority.

11. As to the factor of job description, Smith had worked in the medical records department or health information management department for thirty-three years. She had performed every job classification other than supervisor in the department. Her main responsibilities were as a medical coder and applying charges for the emergency room department accounts. This was a factor in Ms. Smith's favor.

12. As to the factor of seniority, Smith had the most seniority of any employee in the medical records department by at least twenty-three years. This was a factor in Smith's favor.

13. As to productivity, Smith complied with all of the additional job duties her supervisor imposed on her and met all productivity demands from her supervisor. This was a factor in Smith's favor.

14. During the period when Sampson supervised Smith, Sampson assigned unreasonable and unrealistic job responsibilities to Smith.

15. After those assignments, Sampson made false and inaccurate evaluations of Smith's

job performance.

16. In a meeting on May 28, 2019, Sampson and Streit presented Smith a "Corrective Action Report." The report was marked as a "Written Warning." The report falsely stated that Smith had been presented a written counseling on June 12, 2017 for productivity below minimum expectations and for excessive errors.

17. The "Corrective Action Report" also contained false statements about Smith's productivity and additional training.

18. The "Corrective Action Report" concluded that Smith must improve her productivity to the expected average in the next 60 days. If the standard were not met, she would be terminated.

19. The "Corrective Action Report" was used by the hospital to include Smith in the RIF as a pretext to support her termination based on false, incoherent, or inconsistent reasons offered in the Report and in previous incidents the hospital considered to be job counseling.

20. Smith was better qualified than her co-workers under 40 years of age in the medical records department for the position she held.

21. None of Smith's co-workers in the medical records department under 40 years of age were subjected to the treatment administered to Smith.

22. In an e-mail on March 23, 2017, Smith reported to Streit that Sampson was harassing and intimidating her. It had become evident to Smith that the harassment and intimidation from Sampson were connected to her Smith's age. The harassment and intimidation from Sampson continued through the date of her termination.

COUNT I
AGE DISCRIMINATION IN EMPLOYMENT ACT – DISPARATE TREATMENT

23. The Plaintiff hereby incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein.

3

24. The Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b) in the Defendant had twenty or more employees during the time of the alleged violations of law.

25. The Defendant is engaged in "an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year" as provided by 29 U.S.C. § 623(e).

26. The stated reasons for the Plaintiff's termination, by including her in the RIF, were false, pretextual, or both.

27. The Plaintiff was in a class protected by the Age Discrimination in Employment Act.

28. The Defendant imposed disparate treatment upon the Plaintiff compared to similarly situated employees of the Defendant who were outside of the protected class.

29. The Defendant committed the acts and omissions knowing that its conduct was prohibited by the Age Discrimination in Employment Act, or alternatively, showed reckless disregard for whether the Act applied.

30. The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests a judgment for damages in excess of $75,000, including back pay, liquidated damages, front pay, attorney fees, expert witness fees, pre-judgment interest, costs and for such other and further relief as the Court may deem just and equitable.

COUNT II
AGE DISCRIMINATION IN EMPLOYMENT ACT – RETALIATION

31. The Plaintiff hereby incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein.

32. The Plaintiff reported age discrimination to the Defendant.

33. The Plaintiff was terminated by the Defendant.

34. There was a causal connection between the report about age discrimination and

4

the termination.

35. The Defendant's termination of the Plaintiff for the Plaintiff reporting age discrimination was a violation of 29 U.S.C. § 623(d).

36. The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests a judgment for damages in excess of $75,000, including back pay, liquidated damages, front pay, loss of future earning capacity, attorney fees, expert witness fees, pre-judgment interest, costs and pain and suffering, loss of enjoyment of life, and punitive damages pursuant to 29 U.S.C. § 215(a)(3) as incorporated at 29 U.S.C. § 626(b), and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Theodore J. Lickteig*
Theodore J. Lickteig #12977
Lickteig Law Firm, LLC
12760 West 87th Street, Suite 112
Lenexa, Kansas 66215
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*

## JURY DEMAND

The Plaintiff, by and through undersigned counsel, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Theodore J. Lickteig*
Theodore J. Lickteig #12977

5

                                    Lickteig Law Firm, LLC
                                    12760 West 87th Street, Suite 112
                                    Lenexa, Kansas 66215
                                    913-894-1090
                                    tjllawoffice@planetkc.com
                                    *Attorney for Plaintiff*